JAMES S. HAZARD & others *vs.* LUCY LITTLE.

A testator by his will gave to his widow the use of all of his real and personal estate during widowhood, upon condition that she should support and educate his minor children, and directed that, when the youngest child should arrive at the age of twenty-one, two thirds of the estate should be divided among the children, and that the other third should be and remain for the support of the widow. He also gave to her the privilege of cutting fifty cords of wood yearly, during widowhood, in addition to firewood, " to purchase necessaries, pay taxes and other necessaries for the family." *Held*, that after all the children became of age, they might have partition of the land, and that after such partition should be made the widow's right to cut the additional fifty cords of wood a year would not be lost, but would be limited to the real estate set out to her in severalty; and the petition for partition need not set forth her right to such wood.

HOAR, J. This is a petition for partition. The petitioners aver that they are seised in fee of six elevenths of two undivided third parts of several parcels of real estate, and that the respondent Lucy Little, the only one of the respondents who appears, is seised of one undivided third part as tenant for life, and pray for partition. The respondent objects to granting the prayer of the petition in its present form, because she says that during her widowhood she has the right to cut annually fifty cords of wood upon the whole land, and that this right should be set forth in the petition. The petitioners deny the existence of any such right; or, if it exists, that it extends beyond the one third in which she has a life estate.

The land is the real estate of which Otis Little died seised. By his will, the use of all his real and personal estate is given to his wife, Lucy Little, during widowhood, upon the condition that she supports and educates his minor children ; and when the youngest child arrives at the age of twenty-one years, then two thirds of the real and personal estate to be equally divided among the children, " the other third to be and remain for the support of my said widow." A statement follows that his " mind and will is, that neither of his children have any of his property until the youngest one arrives to the age of twenty-one years," with an exception not material to the present inquiry. The third clause of the will is as follows : " I give my said widow the privilege of cutting fifty cords of wood yearly, during the time she remains my widow, in addition to firewood, to purchase necessaries, pay taxes and other necessaries for the family."

We think the true construction of the will is, that this last clause is merely a qualification and extension of the estate given to the widow ; authorizing her to cut the fifty cords of wood, in addition to firewood, on any part of the land held by her, without impeachment of waste. Before the youngest child became of age, she might cut the wood on all parts of the land which belonged to her husband. The children having all arrived at the age of twenty-one, if partition is made of their respective shares, her right will thereafter be limited to that part of the land which is not set off to them in severalty.

The language by which this right is given is too direct and explicit to admit of any construction which would cause it to terminate at any time during her widowhood. It is an additional provision, coming after all others in the will, and if it is inconsistent with any other, so that they cannot stand together, would control it.

To hold, as the respondent claims, that the right is to be exercised over the whole land, after the youngest child becomes of age, would render any equal partition impracticable, because the proportionate value of the children's shares would be liable to constant fluctuation, as the wood might be cut in successive

years upon different parts of the land. On the other hand although one of the purposes for which the right to cut wood is given is declared to be to purchase " necessaries for the family," it is not the only purpose expressed ; and while the privilege is in express terms given during the whole widowhood of Mrs. Little, the implication that the testator supposed that her need of money to purchase necessaries, pay taxes, or even for the maintenance of a family, would cease when the children should become entitled to take their two thirds of the estate, is at best very doubtful.

By the construction adopted, all parts of the will are made consistent with each other, and no practical difficulty arises.

The only other objection to the maintenance of the petition is one of form only, and it does not appear to us to be well founded. The estate which Mrs. Little has in the premises, as tenant in common during her widowhood of an undivided third part of the land of which partition is sought, is correctly set forth in the petition ; and is a sufficient compliance with the provisions of Gen. Sts. *c.* 136, § 6. As we have held that her privilege of cutting wood without impeachment of waste does not attach to the part of the estate which the petitioners claim, there is no reason why it should be stated, and its omission becomes of no practical importance.

*Partition ordered.*

*E. Ames,* for the petitioners.

*T. M. Stetson,* for the respondent.